**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1805**

---

TED D. ELLIS,

        Plaintiff - Appellee,

    and

TERESA ELLIS,

        Plaintiff,

    v.

CODY C. KIRKMAN, Individually and as agents/officers of Town of Bluffton Police Department,

        Defendant - Appellant,

    and

LINDSEY GIBSON, Individually and as agents/officers of Town of Bluffton Police Department; AMBER SWINEHAMMER, individually and as agents/officers of Town of Bluffton Police Department; TOWN OF BLUFFTON POLICE DEPARTMENT,

        Defendants.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:19-cv-02163-RMG)

---

Submitted:  January 31, 2024                     Decided:  February 16, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:** Christy L. Scott, Trevor S. Stephens, SCOTT AND STEPHENS, LLC, Walterboro, South Carolina, for Appellant.  Joseph M. McCulloch, MCCULLOCH & SCHILLACI, Columbia, South Carolina; Christopher P. Kenney, CHRIS KENNEY LAW, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ted D. Ellis brought this 42 U.S.C. § 1983 action against Cody C. Kirkman and others, alleging that Kirkman, an officer of the Town of Bluffton Police Department, violated Ellis's Fourth Amendment rights by using excessive force when arresting him during a traffic stop. At summary judgment, the district court denied qualified immunity to Kirkman, concluding that a reasonable jury could find that "Kirkman used excessive force in taking down [Ellis] by pulling out his legs from under him and then holding him on the ground for [seven to nine] minutes." *Ellis v. Kirkman*, No. 9:19-cv-2163-RMG, 2023 WL 4700759, at *4 (D.S.C. July 24, 2023). The court further determined that, at the time of the arrest, the "right not to be subjected to a forced take down while restrained and offering stationary, non-violent resistance to a lawful seizure" was clearly established. *Id.* at *5.

Kirkman seeks to appeal. In response, Ellis moves to dismiss, asserting that this court lacks jurisdiction over the arguments that Kirkman raises in his opening brief. We agree.

Qualified immunity "protects government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014). In considering a qualified immunity claim, courts engage in a two-step inquiry, asking: (1) whether the government official's acts violated the plaintiff's constitutional rights; and (2) whether the right at issue was clearly established at the time

3

of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If either question is answered in the negative, the official is entitled to qualified immunity. *Id.*

"Because qualified immunity is an immunity from suit rather than a mere defense to liability[,] it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 231 (internal quotation marks omitted). Thus, although a district court's order denying summary judgment generally is not immediately appealable, an order denying summary judgment on the basis of qualified immunity is subject to immediate appellate review under the collateral order doctrine. *Williams v. Strickland*, 917 F.3d 763, 767–68 (4th Cir. 2019). Still, our jurisdiction is limited, as we can review the district court's order "only to the extent that the court's decision turned on an issue of law." *Cox v. Quinn*, 828 F.3d 227, 235 (4th Cir. 2016) (internal quotation marks omitted). Specifically, "[o]ur review of such orders is limited to a narrow legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?" *Williams*, 917 F.3d at 768 (footnote omitted).

On appeal, Kirkman repeatedly refuses to accept the facts as articulated by the district court. For example, contrary to the court's decision, Kirkman insists that Ellis was not already restrained when the takedown occurred. But in an appeal from the denial of qualified immunity, an appellant is not permitted to raise factual disputes.[*] *See Witt v. W.*

---

[*] Though Kirkman argues otherwise, we discern nothing in the record that "blatantly contradict[s]" the district court's version of events. *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly

*Va. State Police, Troop 2*, 633 F.3d 272, 277–78 (4th Cir. 2011).  Instead, for present purposes, Kirkman must concede that Ellis was restrained, then argue that using the disputed takedown maneuver against a restrained arrestee either was lawful or, if unlawful, was not a violation of a constitutional right that was clearly established at the time of the incident.  Because Kirkman neglects to do so, we lack jurisdiction over this appeal.  *See id.* at 276 (dismissing qualified immunity appeal because "instead of viewing the facts in the light most favorable to [the plaintiff], time and again the [defendant] troopers attempt[ed] to resolve disputes as to material facts in their own favor").

Accordingly, we grant Ellis's motion and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").